**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DARRYL M. LEWIS,<br>    Appellant,<br><br>  v.<br><br>DEPARTMENT OF DEFENSE,<br>    Agency. | DOCKET NUMBER<br>DC-1221-15-0676-B-1<br><br><br>DATE: June 15, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Darryl M. Lewis</u>, APO/AE, pro se.

<u>Alyssa S. Adams</u> and <u>Ryan L. Wischkaemper</u>, Washington, D.C., for the
 agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the remand initial decision,
which denied his request for corrective action in his individual right of action
(IRA) appeal. Generally, we grant petitions such as this one only in the
following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The detailed background for this appeal is set forth in *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶¶ 2-6 (2016). Briefly stated, the appellant was a Foreign Affairs Specialist, GS-0130-13, at the Department of Defense, Defense Prisoner of War/Missing Personnel Office (DPMO) in Washington, D.C., prior to his January 2012 removal. *Lewis*, 123 M.S.P.R. 255, ¶¶ 2, 7 n.2. During September 2011, he asked to take 1 year of leave without pay (LWOP) to pursue a Master of Law degree in Germany while he accompanied his wife, also a Federal employee, to her new duty station there. *Id.*, ¶ 2. He additionally requested permission to telecommute from Germany. *Id.* The agency denied his requests. *Id.* He thus informed the agency that he was moving to Germany, and he stopped reporting to work on October 24, 2011. *Id.* The agency ordered him to report for work and, after he failed to do so, removed him on charges of absence without leave (AWOL) (30 specifications) and failure to follow an order. *Id.*

¶3    The appellant did not file an adverse action appeal to the Board. *Id.*, ¶ 2 n.1. Instead, he filed a whistleblower complaint with the Office of Special Counsel (OSC). *Id.*, ¶ 3. OSC closed its investigation, and the appellant filed this appeal. *Id.*; Initial Appeal File (IAF), Tab 1. The administrative judge issued an initial decision that dismissed the appeal for lack of Board jurisdiction. *Lewis*, 123 M.S.P.R. 255, ¶ 6. On review, the Board found that the appellant exhausted his administrative remedies and nonfrivolously alleged having made two protected disclosures. *Id.*, ¶¶ 10-12. He allegedly disclosed that M.P., a Human Resources employee without an adequate security clearance, was in a Sensitive Compartmented Information Facility (SCIF) unescorted in violation of security regulations and that J.B., another employee, falsely represented himself as a security officer to obtain certain records. *Id.*, ¶¶ 5, 11-12. The Board concluded that it had jurisdiction over the appeal and remanded the case to the Washington Regional Office, where the administrative judge set a hearing date. *Id.*, ¶ 14; Remand File (RF), Tab 8.

¶4    At the prehearing conference, the administrative judge limited consideration to the following issues:

(a) Whether the appellant could prove by preponderant evidence that he made protected disclosures when he informed the agency that M.P. was present in a SCIF without authorization and that J.B. falsely represented himself as a security officer; that he engaged in activity protected under 5 U.S.C. § 2302(b)(9)(A)(i) and (C) when he initiated an Inspector General complaint and a prior Board appeal;[2] and that his alleged protected activity was a

_____

[2] In addition to his whistleblower claim, the appellant alleged that he was being retaliated against for engaging in protected activity when he initiated an Inspector General complaint and filed a prior Board appeal. IAF, Tabs 4-5. The administrative judge took official notice of Board records indicating that he had filed an IRA appeal in 2010, *Lewis v. Department of Defense*, MSPB Docket No. DC-1221-10-0363-W-1. RF, Tab 25, Remand Initial Decision (RID) at 6 n.5. The administrative judge found that the appellant failed to meet his burden of proof on both of the claims. RID at 5-6. The appellant does not challenge these findings on review, and we discern no reason to disturb them.

motivating factor in the agency's decisions to remove him, deny him telework, and deny his request for LWOP.

(b) Whether the agency could prove by clear and convincing evidence that it would have taken the same actions notwithstanding the appellant's protected whistleblower activity.

RF, Tab 18 at 2. The appellant objected to this summary of the issues, but those objections simply added detail to the administrative judge's articulation of the issues. RF, Tab 19 at 5-6.

¶5 The appellant also objected to appearing at a video teleconference (VTC) hearing from a U.S. military installation in Germany, and he declined the agency's offer to cover his travel expenses for attending a hearing in Arlington, Virginia. RF, Tab 18 at 1, Tab 19 at 7. When he failed to appear for his scheduled hearing on June 15, 2016, the administrative judge cancelled the hearing and issued the decision based on the written record, which closed on June 23, 2016, after the parties filed final briefs. RF, Tab 20.

¶6 The administrative judge found that the appellant met his burden of proof on protected disclosures and contributing factor. RF, Tab 25, Remand Initial Decision (RID) at 5. The administrative judge based her conclusion regarding the protected disclosures on the agency's concession that the appellant made the disclosures he claimed, that each disclosure asserted a violation of a regulation or regulations pertaining to the security of classified or sensitive information, and that the record did not reflect that the appellant had any specialized experience that would inform him of the precise manner in which such regulations are to be applied. *Id.*; RF, Tab 22 at 5. She based her conclusion regarding contributing factor on the fact that the disclosures were made less than 2 years before the agency decisions the appellant contested. RID at 5. The administrative judge then found that the agency showed by clear and convincing evidence that it would have denied his requests for LWOP and to telework from Germany and removed him in the absence of any disclosure. RID at 7-12. The administrative judge thus

denied the appellant's request for corrective action. RID at 12. The appellant has filed a petition for review. Remand Petition for Review (RPFR) File, Tab 1.

## ANALYSIS

<u>The appellant has not established that the remand initial decision contains any material factual errors or omissions.</u>

¶7 On review, the appellant objects to the administrative judge's somewhat abbreviated characterization of his two protected disclosures as lacking significant details. RPFR File, Tab 1 at 7-8. We find that, even if the administrative judge erred, such an error would not change the outcome of the appeal. The agency stipulated that the appellant made the disclosures he claims to have made, and the administrative judge found that they were protected. RID at 5; RF, Tab 17 at 4-5, Tab 22 at 4-5. Having considered the additional facts cited in the appellant's petition for review, we find that they are not of sufficient weight to warrant disturbing the administrative judge's explained findings regarding the strength of any retaliatory motive. RID at 11.

¶8 The appellant also asserts that the administrative judge erred when she stated in the Background and Procedural History section of the remand initial decision that he had experienced issues with his security clearance early in 2006. RPFR File, Tab 1 at 13-14; RID at 2. He argues that such information was fabricated and intended to discredit a witness whose testimony he had proffered. RPFR File, Tab 1 at 8-9, 13. The record shows that, in 2006, the agency required the appellant to provide additional information about foreign nationals in his extended family before he could receive access to the SCIF. RF, Tab 17 at 4-5, 26-29, Tab 23 at 118-19. J.B. assisted the appellant with that process in performing his security-related duties. *Id.* The administrative judge appears to have included this information in the remand initial decision solely as background to discuss the appellant's interactions with J.B. Even if we were to modify the findings of fact to comport with the appellant's preferences, the outcome of the

appeal would not change. Therefore, we find that the appellant's arguments are unavailing.

<u>The administrative judge correctly concluded that the agency established by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's disclosures.</u>

¶9    Neither party has contested the administrative judge's finding that the appellant made protected disclosures that were a contributing factor in the contested agency actions, nor do we find any reason to disturb those findings. RID at 5. When the administrative judge found that the appellant had met his burden of proof, the burden shifted to the agency to show by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's whistleblowing. *Id.*; *see Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014). In determining whether the agency met its burden, the Board considers all of the relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11. Rather than view the factors as discrete elements, the Board weighs the factors together to determine whether the evidence is clear and convincing as a whole. *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 24. In doing so, the Board must consider all the pertinent evidence in the record, and must not exclude or ignore countervailing evidence by only looking at the evidence that supports the agency's position. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015).

¶10   As to the first *Carr* factor, the administrative judge found that the evidence supporting the agency's decisions to deny the appellant's requests for LWOP or

to telework from Germany was compelling. RID at 8-10. The administrative judge further found that the agency proffered clear, convincing, and unrefuted evidence that it removed the appellant because his relocation to Germany precluded his ability to report to work, he failed to report to work after being ordered to do so, and he remained AWOL for 30 days. RID at 11. The appellant argues that the agency's standard procedures require the granting of a preference in hiring, or LWOP for up to 1 year, when the spouse of an agency employee is transferred overseas. RPFR File, Tab 1 at 12-13. However, he produced no proof of such a policy regarding hiring preferences. The agency, in contrast, showed that the granting of LWOP in such circumstances was discretionary and, in the appellant's case, it had determined that the cost and inconvenience of granting such leave exceeded any benefit to be gained by doing so. RF, Tab 17 at 24-25, Tab 22 at 16-18, 38-40; IAF, Tab 7 at 39. There is no evidence, therefore, that the agency contravened any of its policies pertaining to hiring preferences or the granting of LWOP for an employee whose spouse has been transferred overseas.

¶11        The appellant also raises on review an email message from E.F., who was Principal Director of the DPMO and the deciding official in the removal action. RPFR File, Tab 1 at 12; RF, Tab 22 at 15-23. The appellant argues that E.F. stated in the email that the agency denied the requested LWOP "because of [his] 'record.'" RPFR File, Tab 1 at 12. He asserts that E.F. was referring to his record as a whistleblower. *Id.* The appellant, however, did not provide any citation to assist us in locating the specific email message to which he refers. *See* 5 C.F.R. § 1201.114(b) ("A petition . . . for review . . . must be supported by . . . specific references to the record."). Our review of the email correspondence pertaining to the appellant's request, moreover, shows that the agency held in high regard the appellant's work on matters pertaining to missing personnel on the Korean peninsula but concluded that its interests would not be served by granting his request to pursue legal studies in Germany. For example, E.F. stated in one email message that the appellant "works in the Korean War element and

that will be getting busy if things go as we expect. He is doing good work and we need him to do his job." RF, Tab 23 at 7. In a message to the appellant officially denying his request, the Chief of Staff to the Undersecretary of Defense (Policy) explained:

> I have weighed carefully your request for leave without pay to pursue advanced studies in Germany. In light of the limited personnel available at DPMO and the fact that you are performing important and useful work I do not/not approve your request for leave without pay.

*Id.*, Tab 23 at 44. The email correspondence pertaining to the appellant's request clearly shows that the agency considered his LWOP request but denied it for staffing reasons and not because of any disclosure that he had made. We agree with the agency that *Carr* factor 1 weighs in the agency's favor.

¶12    Turning to the second *Carr* factor, we agree with the administrative judge that any motive to retaliate on the part of the agency officials who were involved in the decision was relatively weak. RID at 10. Our reviewing court has cautioned us against taking too narrow a view of the second *Carr* factor, stating, "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." *Whitmore*, 680 F.3d at 1370. The court in *Whitmore* determined that, when a whistleblower makes highly critical accusations of an agency's conduct that draws the attention of high-level agency managers, the fact that an agency official is "outside that whistleblower's chain of command, not directly involved in alleged retaliatory actions, and not personally named in the whistleblower's disclosure is insufficient to remove the possibility of a retaliatory motive or retaliatory influence." *Id*. at 1371.

¶13    Here, the administrative judge found that neither person named in the appellant's disclosures was involved in his removal. RID at 11-12. The administrative judge also found, and we agree, that the appellant's disclosures

were not the sort of highly critical accusations of agency misconduct that might draw the attention of high-level agency managers about which the court warned in *Whitmore*. RID at 10-12; *see Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019) (finding that the administrative judge erred by failing to consider whether the deciding official had a "professional retaliatory motive" against the appellant because his disclosures "implicated the capabilities, performance, and veracity of [agency] managers and employees, and implied that the [agency] deceived [a] Senate Committee"). As noted above, the appellant argues on review that the agency denied his request for LWOP "because of [his] 'record'" as a whistleblower. RPFR File, Tab 1 at 12. Although we have been unable to identify the email in which the agency is alleged to have made this remark, assuming that it exists and assuming that it constitutes evidence of retaliatory motive, it is offset to some degree by evidence that the agency held the appellant's work in high regard. We find, therefore, that the administrative judge correctly concluded that the evidence of retaliatory motive was weak, RID at 10, and that *Carr* factor 2 slightly favors the appellant.

¶14    Regarding *Carr* factor 3, the administrative judge found nothing in the record to indicate that employees similarly situated to the appellant had been treated differently when they requested LWOP or telework, or that there were similarly situated employees who were AWOL for an extended period of time and avoided removal. RID at 11-12. The appellant argues on review that the agency did not meet its burden of proof because it failed during discovery to provide comparator evidence regarding other employees who were in an AWOL status. RPFR File, Tab 1 at 6, 12. Nevertheless, the agency responded to the appellant's discovery request, explaining that it had been unable to identify any comparators. RF, Tab 23 at 147-48. According to the agency, no employee who was transferred to an overseas billet was similarly situated to the appellant, i.e., accompanying a spouse after a permanent change of station, and no employee transferring overseas was removed for AWOL or failure to obey an order. *Id.* As

we explain *infra*, ¶ 17, however, the appellant failed to file a timely motion to compel regarding the deficiencies he believes plague the agency's discovery response. In any event, the agency's failure to introduce comparator evidence cannot weigh in its favor. *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).

¶15 We agree with the administrative judge, however, that the strength of the agency's evidence in support of its actions outweighs the slight evidence of retaliatory motive and the absence of comparator evidence. Accordingly, we find that the administrative judge properly concluded that the agency met its burden to prove by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's disclosures.[3]

The administrative judge did not abuse her discretion when she declined to extend the discovery period.

¶16 The appellant argues that the administrative judge abused her discretion by failing to extend the deadline for discovery. RPFR File, Tab 1 at 5-6. The deadline for discovery was May 16, 2016. RF, Tab 8 at 2. On that day, the appellant filed a unilateral motion asking the administrative judge to suspend case processing for 2 weeks to allow him time to evaluate the agency's discovery responses. The appellant explained that he had received a partial response by email on May 6, 2016, but the agency stated it had mailed additional materials, which he had not yet received. RF, Tab 12. He further asserted that he was requesting the additional time "[i]n lieu of filing a Motion to Compel or for Sanctions." *Id.*

¶17 On review, the appellant asserts that, after he filed the motion, the administrative judge's clerk called and told him that he had to confer with the

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

agency before filing such a motion. RPFR File, Tab 1 at 5-6. The appellant refiled the motion on May 17, 2016, explaining that he had twice contacted the agency before filing the initial motion but had not received any response. RF, Tab 13. The appellant repeated that he was filing the motion to extend discovery instead of filing a motion to compel or for sanctions. *Id*. The agency replied, stating that the appellant had received its discovery response by email on May 6, 2016, and that two compact discs containing the documents he sought had been mailed on May 13, 2016, and were due to be delivered on May 18, 2016.[4] RF, Tab 14. The administrative judge denied the appellant's motion. RF, Tab 15. The appellant asserts that he received the compact discs on May 18, 2016, which included hundreds of emails and other documents that were largely unresponsive or significantly redacted. RPFR File, Tab 1 at 6. He asserts that the volume and immateriality of the agency's response, as well as the administrative judge's decision not to extend discovery, prejudiced his appeal. *Id.* In particular, the appellant states that the agency failed to provide "relevant comparator evidence," specifically regarding whether other purportedly similarly situated employees were fired instead of given LWOP. *Id*.

¶18    An administrative judge has wide discretion under the Board's rules on discovery matters, and the Board will not reverse her rulings absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Under the particular circumstances of this case, in which the appellant provided notice to the administrative judge on the date discovery was to close that he was still waiting to receive part of the agency's discovery response and was requesting an extension of the discovery deadline in lieu of filing a motion to compel, it is

---

[4] The agency also said that it had not received a full response from the appellant for its own discovery requests and that it might file a motion to compel. RF, Tab 14 at 4. When she denied the appellant's motion, the administrative judge thus reminded the parties that the time for filing motions to compel had passed. RF, Tab 15.

arguable that the administrative judge should have granted the appellant at least a limited extension of time to determine whether a motion to compel would be necessary. This would have allowed the appellant an opportunity to review the discovery responses in their entirety and to confer with the agency, if necessary, before determining whether he wished to file a motion to compel. Further, it would have provided the parties a chance to complete discovery with a minimum of Board intervention, as proscribed in Board regulations. 5 C.F.R. § 1201.71. Moreover, we note that while the administrative judge informed the parties that discovery was to close on May 16, 2016, her order did not state that the deadline applied to motions to compel; despite this, she stated in her May 17, 2016 order denying the appellant's motion for an extension that the time for filing motions to compel had passed. RF, Tab 8. In this regard, it is apparent from the agency's response to the appellant's motion for an extension that the agency believed the discovery deadline did not apply to motions to compel, RF, Tab 14, and we find this interpretation of the order to have been a reasonable one.

¶19     Nonetheless, even assuming that the administrative judge abused her discretion by denying the appellant's motion for an extension of the discovery deadline and ruling that the discovery deadline applied to motions to compel, we find that the appellant has not shown that he was harmed by her rulings. The only specific effect the appellant points to of the failure to extend discovery was on his ability to identify comparator employees. RPFR File, Tab 1 at 5-6. In fact, however, the agency's answers to the appellant's interrogatories were responsive on that issue, and indicated clearly that no similarly situated employees existed. RF, Tab 23 at 147-48. The appellant does not even argue that the portion of the discovery response he received after the deadline contained any information to the contrary, nor does he provide any evidence or argument indicating that the agency's interrogatory response on this issue was inaccurate or untruthful. Accordingly, we find that the appellant has failed to show that he was prejudiced by the administrative judge's decision not to extend

the discovery deadline or her determination that the deadline applied to motions to compel. *See Vores v. Department of the Army*, [109 M.S.P.R. 191](#), ¶ 14 (2008) (finding that even if the administrative judge abused his discretion with respect to his discovery rulings below, the appellant must show how that error affected the result reached in his appeal), *aff'd per curiam*, 324 F. App'x 883 (Fed. Cir. 2009).

The administrative judge did not abuse her discretion when she denied two of the appellant's witnesses.

¶20    The appellant further asserts that the administrative judge abused her discretion when she denied some of his witnesses. RPFR File, Tab 1 at 6-9. The appellant requested the Chief of Security at DPMO Arlington, Virginia, to testify that he had been informed of M.P.'s unescorted presence in the SCIF and that he had received orders from DPMO management to suspend the appellant's security clearance. RF, Tab 16 at 5. The appellant also requested a DPMO Security Specialist to testify that she had seen M.P. unescorted and unobserved in the SCIF before she had been given the proper clearance. *Id.* at 6. The administrative judge ruled against admitting these witnesses, explaining that their testimony was duplicative and would not add evidence that is probative of any issue in the appeal. RF, Tab 18 at 3-4.

¶21    The appellant argues on review that these witnesses could have accurately explained the nature of the problem caused by M.P.'s presence in the SCIF, thus preventing the administrative judge from making erroneous findings of fact. RPFR File, Tab 1 at 7-9. He also claims that they could have testified regarding the nature of J.B.'s security-related duties. *Id.* The appellant additionally asserts that the Chief of Security could have testified regarding agency officials' efforts to suspend his security clearance based on the conduct underlying his removal. Here, the appellant specifically argues that the agency failed to produce a letter to the Chief of Security regarding suspending his clearance, and he asserts that the

Chief of Security would have testified to the existence and content of that letter.[5] *Id.* at 8, 11. The Chief's testimony, he explains, would have shown the agency's retaliatory animus. *Id.*

¶22    An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). The administrative judge explained that she was excluding these witnesses because the appellant's offer of proof did not indicate that their testimony would add nonduplicative evidence that was probative of any issue before her. RF, Tab 18 at 3-4. She then extended to the appellant an additional 2-day period during which he could provide an additional offer of proof regarding the testimony of the witnesses. *Id.* The appellant declined to do so, stating that it would have been burdensome for him to obtain sworn statements from the witnesses on such short notice. RPFR File, Tab 1 at 8. Although the appellant's location in Germany would have complicated the matter of obtaining witness statements on short notice, he also had the option to submit a more substantial offer of proof when he initially requested the witnesses. Accordingly, we find no abuse of discretion in the administrative judge's ruling excluding some of the appellant's proposed witnesses.

The administrative judge did not abuse her discretion when she declined to postpone the hearing.

¶23    The appellant asserts that the administrative judge abused her discretion when she declined to postpone the hearing in light of his concerns about holding it at a military installation in Germany, where he believed a terrorist attack was possible and where he felt he would receive hostile treatment. RPFR File, Tab 1

---

[5] The agency denied such a letter existed. RF, Tab 23 at 154. Additionally, the agency stated that it interviewed the Chief of Security, who said he had not received any such letter. RPFR File, Tab 3 at 13.

at 9-11; RF, Tab 19 at 7. The appellant asserts that he asked for the hearing to be moved to a more neutral environment owing to his security concerns and fear of bias and that the administrative judge denied his request. RPFR File, Tab 1 at 10-11. The agency, however, offered to pay his travel expenses for attending the hearing in person at the Board's Washington Regional Office. RF, Tab 18 at 1. The appellant declined the offer. *Id.* The administrative judge has broad discretion to convene a hearing as appropriate and to regulate the course of the hearing. 5 C.F.R. § 1201.41(b)(6). We find no abuse of discretion in the administrative judge's ruling denying the appellant's request to postpone the hearing.

The administrative judge did not abuse her discretion when she cancelled the hearing.

¶24    The appellant also asserts that the administrative judge abused her discretion when she cancelled the hearing. RPFR File, Tab 1 at 11. The appellant explains that the prehearing conference instructions state that, if he failed to attend the hearing, the administrative judge would carry on without him. *Id.* Instead, he asserts, she cancelled the hearing when he did not attend. *Id.* The record shows that the administrative judge did precisely what she said she would do in her order scheduling the hearing: "If the appellant fails to appear without good cause, his appeal will be decided without a hearing." RF, Tab 8 at 3. The appellant attended the prehearing conference on June 7, 2016, wherein he agreed to attend a VTC hearing on June 15, 2016. RF, Tab 18 at 1. At the conference, the administrative judge informed the parties that the prehearing summary and order would become final on June 13, 2016. *Id.* at 4. The appellant filed no objection to the order. On June 15, 2016, two hours prior to the scheduled start of the hearing, he filed a motion to suspend processing of the appeal and requested that the administrative judge recuse herself. RF, Tab 19. He did not appear at the designated VTC location, and the administrative judge cancelled the hearing 30 minutes after it was scheduled to begin. RF, Tab 20. As stated above,

an administrative judge has broad discretion to convene a hearing as appropriate and to regulate the course of the hearing. 5 C.F.R. § 1201.41(b)(6); *see* 5 C.F.R. § 1201.43(e) ("A judge may cancel a scheduled hearing, or suspend or terminate a hearing in progress, for contumacious conduct or conduct prejudicial to the administration of justice on the part of the appellant or the appellant's representative."). We find no abuse of discretion in the administrative judge's decision to cancel the hearing under the circumstances.

The administrative judge did not abuse her discretion in her treatment of the appellant's motion for summary judgment.

¶25 The appellant filed a motion for summary judgment after the hearing was cancelled because he believed that he could prove that the agency retaliated against him. RPFR File, Tab 1 at 11; RF, Tab 23. The administrative judge did not rule on the motion, and instead, she issued the remand initial decision slightly more than 3 months later. RF, Tab 25. On review, the appellant asserts that the administrative judge erred by not ruling on the motion. RPFR File, Tab 1 at 11-13. The Board, however, lacks the authority to grant summary judgment. *Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007) (citing *Denney v. U.S. Postal Service*, 66 M.S.P.R. 191, 193 n.1 (1995)). The administrative judge also did not ignore the appellant's motion, and instead, treated it as a close of record submission made pursuant to the order closing the record. RID at 4; RF, Tab 20 at 2-3. We find no abuse of discretion in the administrative judge's handling of the appellant's motion for summary judgment.

The appellant did not establish administrative judge bias.

¶26 Throughout his petition for review, the appellant asserts that the administrative judge was biased against him and that she improperly denied his motion that she recuse herself for bias.[6] RPFR File, Tab 1 at 4-6, 8, 10, 13-14;

---

[6] The motion contained no affidavit supporting the appellant's contentions. *See Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991) (holding that an allegation of bias

RF, Tab 19, Tab 20 at 2.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The fact that an administrative judge ultimately ruled in favor of the agency, however, is insufficient evidence of bias on her part.  *Hayden v. U.S. Postal Service*, 15 M.S.P.R. 296, 300 (1983), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984) (Table); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

¶27      We have reviewed the appellant's allegations and the record, but we find no evidence of any ruling, comment, or action by the administrative judge that would show a deep-seated antagonism that would make fair judgment impossible.  For instance, the appellant asserts that, during his first post-remand conference, the administrative judge deliberately misstated the law to telegraph her intention to rule in the agency's favor by telling the agency that its burden of proof, clear and convincing evidence, was "a much, much lower standard" than preponderant evidence.  RPFR File, Tab 1 at 4-5.  The agency avers that, when the administrative judge made this comment, she was referencing the preponderant evidence standard instead.  RPFR File, Tab 3 at 11.  In any event, the administrative judge accurately cited the case law setting forth the burdens of

by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit).  It was arguably deficient for this reason as well as on the merits, though we note that the motion itself was signed under penalty of perjury.  RF, Tab 19 at 9.

proof in her written orders and decision. RID at 7; IAF, Tab 3 at 6; RF, Tab 18 at 2-3.

¶28    The appellant also asserts that, when he expressed his concerns about the hearing venue, the administrative judge was condescending and that she was disrespectful, unprepared, and unhelpful on other occasions, which affected his ability to prosecute his case. RPFR File, Tab 1 at 5, 9-10. We have examined the administrative judge's rulings and find them to be supported by the record. Even if the appellant has accurately described the administrative judge's tone and manner, we find that his allegations are not enough to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See*, *e.g.*, *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016) (holding that the allegation that an administrative judge used a demeaning tone toward agency counsel during the appeal was insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators, even if proven). For all of these reasons, we thus affirm the findings in the remand initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                          _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.